# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DARA BRIANN REDMOND, <br><br> Defendant. | No. 19-cr-14-CJW-MAR <br><br> **ORDER** |

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion for Review of Detention Order, filed on February 18, 2019. (Doc. 18). The government timely filed a resistance. (Doc. 19). For the following reasons, the Court **denies** the motion.

## II. RELEVANT BACKGROUND

On February 5, 2019, a grand jury returned an indictment charging defendant with: conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count 1); one count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), and 841(b)(1)(B) (Count 2); an addition count of distribution of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(B) (Count 3); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) (Count 4). On February 8, 2019, defendant appeared before the Honorable Mark A. Roberts, United States Magistrate Judge, for an initial appearance and arraignment. On February 12, 2019, defendant appeared before Judge Roberts for a detention hearing. Defendant appeared in court with her attorney, Chad Frese. Assistant United States Attorney Emily Nydle represented the government. At the hearing, Judge Roberts ordered Defendant detained, and he entered an order to that effect on February 13, 2019. (Docs. 16 & 17).

## III. STANDARD OF REVIEW

A motion for revocation of a detention order is governed by 18 U.S.C. Section 3145(b), which provides:

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b). The court reviews a Section 3145(b) motion de novo. *See United States v. Maull*, 773 F.2d 1479, 1481 (8th Cir. 1985) (en banc). The court is required to detain a defendant prior to trial if the court "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A finding "that no condition or set of conditions . . . will reasonably assure the defendant's appearance" must be supported by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis omitted). In contrast, "[t]he facts the [court] uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." *Id.* § 3142(f).

## IV. ANALYSIS

In the motion for review, defendant asserts that Judge Roberts erred in finding that defendant poses a risk of flight and a danger to the community. (Doc. 18, at 1.) After conducting a de novo review of the record, including the Pretrial Services Report (Doc. 13) and the transcript of the detention hearing (Doc. 20), the Court finds that, for the reasons that follow, detention is appropriate in this case. *See* 18 U.S.C. § 3142(g).

First, the court considers the nature and circumstances of the offense alleged, including whether the offense involved violence or a firearm. *See id*. § 3142(g)(1). Defendant is charged with multiple drug trafficking offenses. Defendant is alleged to have been selling multiple pounds of pure methamphetamine per month. (*See* Doc. 20, at 9-10). Although defendant is not charged with any violent or firearm-related offenses, the sheer scale of the drug activity raises a concern about the danger she poses to the community. *See United States v. Cantu*, 935 F.2d 950, 952 (8th Cir. 1991) ("[W]e recognize the congressional determination that large scale drug trafficking is a serious danger to the community . . . ." (quoting *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986))). Accordingly, this factor weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(1).

Second, the court considers the weight of the evidence against defendant. *See id*. § 3142(g)(2). At the hearing, Sergeant Steven Erceg of the Linn County Sheriff's Office testified that a confidential informant made two controlled purchases from defendant, at least one of which was video recorded, for a total of approximately three ounces of methamphetamine. (Doc. 20, at 5-7). Sergeant Erceg testified that he executed a search warrant at defendant's residence and discovered more than 500 grams of methamphetamine, a scale, a glass pipe, packaging materials, and nearly $5,000 in cash. (*Id.*, at 10-11). In a post-*Miranda* interview, defendant admitted she had been selling methamphetamine for at least one year, averaging one pound every other week and sometimes as much as six pounds per month. (*Id.*, at 9-10). The evidence against defendant is strong, and, therefore, the Court finds that this factor weighs in favor of detention.

Third, the court considers the history and characteristics of Defendant. 18 U.S.C. § 3142(g)(3). Defendant has lived in Cedar Rapids for nearly her entire life, having resided out of state only for a few years in her early adulthood. (Doc. 13, at 1).

Defendant has significant ties to the area as her parents, several siblings, and three children all reside in or around Cedar Rapids. (*Id.*, at 1-2). Defendant's work history is inconsistent; she maintained a steady job from 2003 until 2012 but has worked only sporadically since then with significant lapses in her employment. (*Id.*, at 2-3). Defendant has one prior instance of failing to appear for a court date, a sentencing on a misdemeanor in 2013. (*Id.*, at 5). It appears, however, that the matter was quickly resolved as the warrant was recalled four days later and defendant was sentenced to time served. (*Id.*). Although this incident does create concern for the Court, on balance defendant's history and significant ties to the area indicate she poses a relatively low risk of flight.

Of greater concern to the Court is defendant's criminal history and pattern of behavior while under supervision. Defendant has thirteen adult criminal convictions. (*Id.*, at 4-6). She has been arrested three times while other charges were pending, and twice while on probation. (*Id.*). She admitted to violating her probation by using methamphetamine, continuously using drugs, and engaging in new criminal conduct. (*Id.*, at 5). This history of noncompliance with terms of release indicate that defendant is likely to violate any terms of release that the Court might set. Defendant also admits to being a daily user of methamphetamine for most of the last seven years. (*Id.*, at 4). These elements of Defendant's history and characteristics indicate that she is a danger to the community. This factor weighs in favor of detention. *See* 18 U.S.C. § 3142(g)(3).

Fourth, the court considers "the nature and seriousness of the danger to any person or the community that would be posed by [defendant's] release." *Id.* § 3142(g)(4). Because defendant is charged with violating the Controlled Substances Act and faces a maximum term of imprisonment of more than ten years, there is a rebuttable presumption that no conditions can reasonably assure the safety of the community if Defendant is released. *See* 18 U.S.C. § 3142(e)(3). "[A] defendant bears a limited burden of

production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community . . . ." *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). "Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court." *Id*. If the defendant rebuts the presumption, the government bears the burden to prove by clear and convincing evidence that no conditions can reasonably assure the safety of the community if a defendant is released. *See* 18 U.S.C. § 3142(f).

The Court finds that defendant met her limited burden of production by offering some evidence indicating that she is not a danger to the community. The Court further finds, however, that the government has proved by clear and convincing evidence that no conditions of release can reasonably assure that defendant will not pose a danger to the community. Defendant's only evidence was the contents of the Pretrial Services Report. (Doc. 20, at 13). Although there is some evidence in the report that indicates she is not a danger to the community, sufficient to meet her limited burden, there is also ample evidence in the report indicating that she is, particularly her poor history on supervision, as outlined above. Additionally, defendant's alleged conduct in this case is gravely concerning. Defendant admitted to selling methamphetamine for approximately one year, typically one pound every other week. (*Id.*, at 9). That time period indicates that defendant began her drug-selling enterprise less than two months after her probation was terminated. (*See* Doc. 13, at 5). Moreover, defendant was selling significant quantities of methamphetamine out of the home she shares with her mother and minor children, the same residence defendant now asks that the Court allow her to return to. (*Id.*, at 2; Doc. 20, at 5-7). That defendant would engage in such long-term, high-quantity drug trafficking out of her children's home indicates recklessness and a disregard for the safety

5

of others that would pose a danger to the community at large even if defendant does not reside with her children after her release. This factor weighs heavily in favor of detention. *See* 18 U.S.C. § 3142(g)(4).

After considering all of the factors listed in 18 U.S.C. § 3142(g), the Court finds that the government has failed to prove by a preponderance of the evidence that defendant poses a risk of flight, but has proven by clear and convincing evidence that defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community." *Id*. § 3142(e)(1).

## V. CONCLUSION

In light of the foregoing, defendant's Motion for Review of Detention Order is **denied**. Defendant shall remain in the custody of the United States Marshals Service pending further order of the court.

**IT IS SO ORDERED** this 5th day of March, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa